UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

BENJAMINE FURLOW III,

Plaintiff,

v.

UNIVERSITY OF COLORADO HEALTH SCIENCES CENTER and MATTHEW C. UHLENKOTT, M.D.

Defendant.

---

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

---

COMES NOW the Plaintiff, Benjamine Furlow III, (hereinafter referred to as "Mr. Furlow" or "Plaintiff"), acting by and through his attorney Andrew T. Brake, Esq. of Andrew T. Brake, P.C., and avers:

## I. INTRODUCTION

1. Mr. Furlow is a former patient of the Defendant the University of Colorado Health Sciences Center ("Hospital"). This is a diversity of citizenship action brought as a result of the Hospital's negligence and failure to provide a safe and secure environment for Plaintiff and the wrongful conduct perpetrated by Matthew C. Uhlenkott, M.D. ("Uhlenkott") against Mr. Furlow, as more fully alleged herein below.

## II. JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's claims is invoked pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen and resident of the state of Nevada, and the Defendants are citizens and residents of the State of Colorado. The matter in controversy exceeds the

- 1 -

sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

3. Venue is proper with this Court as the alleged wrongful conduct took place within the State of Colorado.

4. Plaintiff has satisfied all conditions precedent to bringing this action. Notice pursuant to C.R.S. §24-10-109 was given to Hospital on or about March 11, 2013 and/or April 5, 2013, which was within the requisite time period. By letter dated March 20, 2012, the Defendant Hospital denied Plaintiff's claim. Plaintiff has exhausted his administrative remedies within the meaning of applicable law.

### III.  PARTIES

5. Plaintiff was a patient at the Defendant Hospital on Wednesday, October 24, 2012 at the time that the events giving rise to this action took place.

6. Plaintiff is an African American male who was a day surgery patient in the Post-Anesthesia Care Unit ("PACU") in the Hospital's Anschutz Outpatient Pavilion located at 1635 N. Aurora Court, Aurora, Colorado.

7. Upon information and belief, Defendant Uhlenkott was a Resident (Physician in Training)/Employee of the Defendant Hospital. As a Resident, Defendant Uhlenkott was an employee of the Defendant Hospital pursuant to *Wright v. District Court In and For Jefferson County*, 661 P.2d 1167 (Colo. 1983) and *Mayo Foundation for Medical Educ. and Research v. U.S.* 131 S.Ct. 704 (2011).

8. At the time of the wrongful conduct alleged herein, Defendant Uhlenkott was under the control and supervision of the Defendant Hospital which employed

Defendant Uhlenkott. The Defendant hospital had the duty and responsibility to train and supervise Defendant Uhlenkott as his "employer" pursuant to applicable law.

9. Upon information and belief, Defendant Hospital was, at all times relevant, a Medical Center and training or educational institution within the State of Colorado, providing medical/health related care by and through its agents, employees, contractors or other health care related representatives. Medical Center is liable for the acts and omissions of its agents, employees and other representatives ("Representatives") pursuant to principles of employer/employee, principal/agent, or other vicarious responsibilities principles.

10. At the time of the wrongful conduct, a nurse was responsible for taking care of Plaintiff, including protecting Plaintiff.

11. Plaintiff's person was physically violated by Defendant Uhlenkott who came to Plaintiff's bedside and wrongfully sexually groped Plaintiff.

12. Upon information and belief, the Defendant Uhlenkott acted within and/or without the scope of his employment with the Defendant.

13. As a result of the foregoing conduct, Plaintiff has suffered lost wages, benefits and other perquisites of employment, past, present and future, mental healthcare related expenses, and has otherwise suffered harm and/or damage, including mental pain and suffering, emotional distress, worry, concern, loss of self-esteem, sleepless nights, shame, humiliation, degradation, loss of enjoyment of life, and other harm and damage.

## FIRST CLAIM FOR RELIEF

### (Negligence)

14. Plaintiff hereby incorporates all other allegations of this Complaint and Jury Demand as though fully incorporated herein.

15. Upon information and belief, Defendant Uhlenkott has at some time in the past claimed, among other things, that his contact with Mr. Furlow was not sexual but rather typical medical contact between a patient and doctor or nurse.  Upon information and belief, Defendant Uhlenkott has claimed that Mr. Furlow had an erection and that Defendant Uhlenkott moved it so that he could better examine Mr. Furlow.

16. Hospital was negligent in the care and/or treatment rendered to Mr. Furlow in that the Defendant Hospital, acting by and through its Representatives, acted in a manner in which reasonably careful healthcare providers undertaking the care and/or treatment of Mr. Furlow would not do or failed to act in a manner in which reasonably careful health care providers undertaking the care and/or treatment of Mr. Furlow would have at the same time, under the same or similar circumstances.  The negligence attributable to Representative of the Defendant Hospital also includes the failure of its nursing staff to appropriately protect Mr. Furlow when he was particularly vulnerable during the time that he was recovering from eye surgery and could not see.

17. As a proximate result of the negligent acts set forth hereinabove, Plaintiff Mr. Furlow has suffered economic and non-economic harm and damage, including as otherwise set forth in this Complaint and Jury Demand.

## SECOND CLAIM FOR RELIEF

**(Assault)**

18. Plaintiff incorporates, herein by this reference, all other paragraphs contained in this Complaint and Jury Demand verbatim.

19. The Defendant Uhlenkott intended to cause an offensive or harmful physical contact with Mr. Furlow or intended to place Mr. Furlow in apprehension of such contact.

20. The Defendant Uhlenkott placed Mr. Furlow in apprehension of immediate physical contact.

21. The sexual groping by Defendant Uhlenkott was harmful and/or offensive.

22. As a proximate result of the acts set forth hereinabove, Plaintiff Mr. Furlow has suffered economic and non-economic harm and damage, including as otherwise set forth in this Complaint and Jury Demand.

### THIRD CLAIM FOR RELIEF

#### (Battery)

23. Plaintiff incorporates, herein by this reference, all other paragraphs contained in this Complaint and Jury Demand verbatim.

24. The Defendant Uhlenkott act resulted in physical contact with Mr. Furlow.

25. The Defendant Uhlenkott intended to make harmful or offensive physical contact with the Mr. Furlow or knew that he would probably make such contact.

26. The contact by Defendant Uhlenkott was harmful and/or offensive.

27. As a proximate result of the acts set forth hereinabove, Plaintiff Mr. Furlow has suffered economic and non-economic harm and damage, including as otherwise set forth in this Complaint and Jury Demand.

### FOURTH CLAIM FOR RELIEF

#### (Outrageous Conduct)

28. Plaintiff incorporates, herein by this reference, all other paragraphs contained in this Complaint and Jury Demand verbatim.

29. The Defendant Uhlenkott engaged in outrageous conduct.

30. The Defendant Uhlenkott did so recklessly or with the intent of causing the plaintiff severe emotional distress.

31. The Defendant Uhlenkott's conduct caused the plaintiff severe emotional distress.

32. As a proximate result of the acts set forth hereinabove, Plaintiff Mr. Furlow has suffered economic and non-economic harm and damage, including as otherwise set forth in this Complaint and Jury Demand.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant, and award the following relief:

a. Lost wages, benefits and other perquisites of employment, past and future mental healthcare related expenses, past and future damages for mental pain and suffering, emotional distress, worry, concern, loss of self-esteem, sleepless nights, shame, humiliation, degradation, loss of enjoyment of life, and other harm and damage;

b. Pre-judgment and post-judgment interest at the highest lawful rate;

c. Costs of this action, including expert witness fees, as deemed appropriate; and

d. Any such further relief as justice allows, in conformance to proof at trial.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 22nd day of October, 2013.

                                          Andrew T. Brake, P.C.

                                          By: s/Andrew T. Brake
                                          Andrew T. Brake, Reg. No. 12021
                                          777 E. Girard Avenue, Suite 200
                                          Englewood, CO 80113
                                          303-806-9000
                                          atbrake@gmail.com
                                          Attorneys for Plaintiff

**Plaintiff's Address:**

Benjamine Furlow III
650 E. Azure Ave
Apt. 3057
North Las Vegas, NV 89081