IN THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 13-cv-02877-RPM

BENJAMINE FURLOW III,

  Plaintiff,

v.

UNIVERSITY OF COLORADO HOSPITAL AUTHORITY,
UNIVERSITY OF COLORADO BOARD OF REGENTS, and
MATTHEW C. UHLENKOTT, M.D.,

  Defendants.

## ORDER FOR DISMISSAL

In this civil action, Plaintiff Benjamine Furlow III alleges that while he was a patient at the University of Colorado Hospital he was sexually assaulted by a University-employed medical resident, Defendant Matthew Uhlenkott, M.D. He seeks damages from the University of Colorado Hospital Authority, employer of the nursing staff, and from the University of Colorado Board of Regents, employer of Uhlenkott, based on claims of medical negligence (First Claim for Relief) and a violation of substantive due process of law under the Fourteenth Amendment and 42 U.S.C. § 1983 on a "Conscience Shocking Conduct/Danger Creation" theory. He sued Uhlenkott for assault, battery, and outrageous conduct. The University and the Hospital Authority filed motions to dismiss.

The Second Amended Complaint is internally inconsistent in comparing the claims against these entities and Uhlenkott. There are factual allegations made in the briefing and

the accompanying exhibits. They may be considered under the University and Hospital Authority's Fed. R. Civ. P. 12(b)(1) motions asserting lack of jurisdiction under the Colorado Governmental Immunity Act ("CGIA").

**1. University of Colorado Board of Regents' Motion to Dismiss [Doc. 11]**

The University argues that it is immune from suit under the CGIA because Uhlenkott was not acting within the course and scope of his employment when he groped Furlow. [See Doc. 11 at 4-6.] Uhlenkott was working in the PACU in his capacity as a medical resident on the day in question. [Doc. 16, Ex. 3 at 7.] The University has offered an affidavit of Dr. Thomas Henthorn, Chairman of the Hospital's Department of Anesthesiology, stating that Uhlenkott was not assigned to care for Furlow, and, therefore, Uhlenkott did not enter Furlow's room and interact with Furlow for medical reasons. [Doc. 11, Ex. 1 ¶ 6.] Henthorn further states that even if Uhlenkott had responsibility for Furlow's care, Uhlenkott's conduct would not have been within the scope of his responsibilities as an anesthesiology resident. [Id. ¶ 7.] According to the police report describing the incident, Tammie Pineda, the PACU nurse assigned to care for Furlow, stated that she listened to Uhlenkott and Furlow's conversation for a bit but then returned to her nursing station after she realized they were discussing Furlow's tattoos and not his medical care [Doc. 16, Ex. 3 at 7]; Uhlenkott stated that Furlow was not his patient, and that he adjusted Furlow's erection to "make it less obvious or embarrassing" [id. at 10].

Given that evidence, there is no plausible basis to conclude that Uhlenkott was acting within the course and scope of his employment when he groped Furlow. There is nothing in the record to indicate that Uhlenkott did what he did to provide medical care assigned to him by the University, that such conduct was necessarily incidental to Uhlenkott's work as an

anesthesiology resident or customary in the anesthesiology field, or that Uhlenkott intended to further the University's business when he did so. Accordingly, Furlow's claim against the University for Uhlenkott's alleged negligence is barred by the CGIA.

The University argues that Furlow's Section 1983 claim for damages is barred by the Eleventh Amendment. [Doc. 11 at 7-8.] The University of Colorado is an arm of the state, Section 1983 did not abrogate the states' Eleventh Amendment immunity, and Furlow has not alleged that the University has waived its immunity here. Furlow's Fifth Claim for Relief against the University is barred by the Eleventh Amendment.

**2. University of Colorado Hospital Authority's Motion to Dismiss [Doc. 12]**

Furlow's negligence and danger creation claims against the Hospital are premised on the theory that the Hospital's nursing staff failed to protect him when he was in a particularly vulnerable state following surgery. [See Doc. 6 ¶¶ 16, 38.]

Furlow's negligence claim fails because he has not plausibly shown any conduct or inaction on the part of the Hospital or its agents that breached the duty of care they owed him. Furlow's allegations are nothing more than a recitation of the negligence standard without any actual facts showing how the standard is plausibly met. [See id. ¶ 16.]

Furlow's danger creation claim is similarly deficient. Furlow recites the elements of a state-created danger theory in boilerplate fashion [see Doc. 6 ¶¶ 34-39], but he provides no factual allegations that would actually support such a theory. Furlow does not allege any conduct on the part of the Hospital that put him, specifically—as opposed to PACU patients, in general—at substantial risk of serious, immediate, and proximate harm. There is also nothing to support the allegation that the risk of Uhlenkott groping Furlow was obvious to the Hospital or known to it; for example, there is no allegation that the Hospital knew that

3

Uhlenkott had previously groped a patient, that he posed a risk of sexual assault, or that the Hospital knew sexual predators had taken advantage of post-operative patients in the past. There are no facts supporting the allegation that the Hospital acted in conscious disregard of a known or obvious risk. There are, finally, no alleged facts showing that the Hospital's conduct was conscience shocking—in essence, Furlow's Complaint paints a picture of a hospital functioning as usual. Furlow falls considerably short of stating a plausible claim for relief against the Hospital on a state-created danger theory.

### 3. Conclusion

Upon the foregoing, it is

ORDERED that the University of Colorado Board of Regents' Motion to Dismiss [Doc. 11] is granted, and it is

FURTHER ORDERED that the University of Colorado Hospital Authority's Motion to Dismiss [Doc. 12] is granted. The Clerk shall dismiss the University and the Hospital from this civil action and award costs.

Dated: April 16, 2014

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch
Senior District Judge