IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   13CV02877-RPM-BNB

BENJAMINE FURLOW III

      Plaintiff,

v.

UNIVERSITY OF COLORADO HOSPITAL AUTHORITY, UNIVERSITY OF COLORADO BOARD OF REGENTS, and MATTHEW C. UHLENKOTT, M.D.

      Defendant,

---

## HOSPITAL AUTHORITY'S AND UNIVERSITY'S MOTION FOR AWARD OF ATTORNEY'S FEES

---

Defendants, University of Colorado Hospital Authority and University of Colorado Board of Regents (Defendants), submit the following Motion for Award of Attorney's Fees pursuant to D.C.Colo.LCivR 54.3

*D.C.Colo.LCivR 7.1(a) Certification*: Counsel for Defendants conferred in good faith with Plaintiff's counsel about this motion. Plaintiff opposes the relief requested in this motion.

### The Applicable Law

Section 13-17-201 C.R.S. states:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant <u>shall</u> have judgment for his reasonable attorney's fees in defending the action. (*emphasis added*)

In a diversity case involving state law issues, the federal courts should apply state statutes as necessary to resolve state law claims. *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003).

### Plaintiff's Complaint and the Order of Dismissal

Plaintiff's complaint includes a tort claim and a § 1983 claim against the Hospital Authority and the University. Pl. Second Am. Compl., ECF No. 6 ¶¶16, 35-38.

In an order entered April 16, 2014, the court dismissed all claims against the Hospital Authority and the University pursuant to rule 12(b)(1) and (6).

### Entitlement to a Fee Award

Because all of Plaintiff's tort claims against the Hospital Authority and the University have been dismissed pursuant to Rule 12(b) an award of attorney fees is mandatory under §13-17-201 C.R.S.

The undersigned ("Temple") is a salaried in-house counsel and works for the University of Colorado. Temple represented the Hospital Authority and the University in this case. Because the undersigned is a University employee, these Defendants did not have to pay for their legal representation. This does not alter their entitlement to an attorney fee award. The Colorado Court of Appeals has held that "[s]alaried and public interest attorneys should be awarded attorney fees based on the prevailing market rate rather than a 'cost-plus' approach focusing on the attorney's salary." *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 588 (Colo. App. 2000). See also *City of Wheatridge v. Cerveny*, 913 P.2d 1110, 1117 (Colo. 1996).

## Hourly Rate

These Defendants request an award of attorney fees based on $275.00 per hour for Temple's time.

Temple has been licensed to practice in Colorado since 1983. Temple's rate is based on his 30 years of practice in the Denver legal community and the market rate of attorneys of comparable skill in the Denver metropolitan area in similar cases.

Temple's most recent attorney fee award was on February 22, 2013 in *Profita v. School of Medicine*, Case No. 12CV955, in the Adams County District Court wherein Judge Moss awarded fees to a University employee based on Temple's work at $275 per hour. (Affidavit of David P. Temple, ¶ 2, **Exhibit A** hereto).

Temple has worked in the Office of University Counsel for 16 years. He is the lead attorney in the litigation department. Prior to his employment at the University, Temple worked in the Colorado Attorney General's office for eleven years. In this capacity he represented several higher education clients as well as the state medicaid program. All of this work was litigation. Following law school Temple worked as an associate attorney at the law firm of Ireland, Stapleton, Pryor and Pascoe for four years in the commercial litigation department.

Temple has litigated numerous attorney fee motions over the last 30 years. During this time, he has become familiar with the hourly rates charged by litigation attorneys in the Denver metropolitan area. (**Exhibit A**, ¶2). See also **Exhibit B**, a 2008 Colorado Bar Association ("CBA") survey report which shows an average rate of $268 per hour for Denver attorneys. Based on Temple's affidavit, the attached CBA

3

report, as well as the above referenced court order which held that $275.00 per hour was reasonable last year for Temple's time, these Defendants request an award based on an hourly rate of $275.00 for Temple's work.

## Computation of Hours

The Time-Billing Summary, attached as **Exhibit C**, sets forth the hours worked by Temple, as well as a description of the activities performed.

Temple's affidavit explains that billing judgment has been exercised in presenting this motion in the following ways: (1) approximately 2.5 hours of time spent by a research associate in the Office of University Counsel has not been included to avoid any possible duplication of services; (2) none of the legal assistant time, 11.5 hours, (e-filings, document collection and organization) are being billed for; (3) none of the interoffice conferences between Temple and other attorneys in the Office of University Counsel bill for the second attorney's time; (4) because Temple represented both the Hospital Authority and the University—this motion separates the work done solely for the Hospital Authority; and that done solely for the University—and then divides the remaining work done for both clients equally; and (5) the gross time is further reduced to reflect appropriate hours which would not be billed to a client for the work done.  In total, approximately 24 hours of attorney time has not been billed for. See *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) citing *Copeland v. Marshall*, 641, E.2d 880, 891 (D.C. Cir. 1980) (en banc) ("Hours that are not properly billed to one's client also are not properly billed to one's adversary.")  Following these adjustments the total hours for Temple is 50.25.  At $275.00 per hour, the total amount requested for attorney fees is

$13,818.75; with the Hospital Authority's amount being $6,084.38 and the University's amount being $7,734.37.

    WHEREFORE, for the reasons set forth above the Hospital Authority requests an award of attorney's fees in the amount of $6,084.38;  and the University requests an attorney fee award in the amount of $7,734.37.

    DATED this 25th day of April, 2014.

                          Respectfully Submitted,

                          s/ David P. Temple
                          David P. Temple
                          University of Colorado, Office of University Counsel
                          1800 Grant St. Suite 700
                          Denver, CO. 80203
                          Tel: 303-860-5691
                          Fax: 303-860-5650
                          David.Temple@cu.edu
                          Attorney for Defendant - University

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2014, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Andrew T. Brake, Esq,
777 E. Girard Avenue, Suite 200
Englewood, CO. 80113
atbrake@gmail.com
*Attorney for Plaintiff*

Daniel R. Christopher
Cooper & Clough, P.C.
1600 Stout St., Suite 850
Denver, CO 80202
DChristopher@Cooper-Clough.com
*Attorney for Defendant – Uhlenkott*

                                                  s/ Jamie Joyce_____
                                                   Jamie Joyce, Legal Assistant